United States District Court
Southern District of Texas
**ENTERED**
December 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ANTONIO RODRIGUEZ DELEON, § § Petitioner, § § § VS. § § LORIE DAVIS, § § Respondent. § § § | CIVIL ACTION NO. 7:17-CV-55 |

## REPORT AND RECOMMENDATION

Petitioner Antonio Rodriguez Deleon, a state prisoner proceeding pro se, initiated this action in February 2017 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) In October 2011—more than five years before Petitioner filed this action—he pleaded guilty to murder, and a jury sentenced him to a term of 99 years imprisonment. In seeking federal habeas corpus relief, Petitioner raises several claims, including that the Texas Court of Criminal Appeals improperly denied his state habeas application, that he is actually innocent, and that his trial attorney rendered ineffective assistance of counsel. Respondent has moved for summary judgment, contending that the petition is time barred. (Docket No. 9.) Petitioner did not file an opposition to the motion.

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that this action should be dismissed. As explained further below, Petitioner filed this federal habeas action long after the applicable one-year limitations period expired, and the circumstances here do not qualify for either statutory or equitable tolling. Accordingly, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed as untimely.

# I.  BACKGROUND[1]

A.     **Underlying Conviction**

On July 27, 2010, a grand jury in Hidalgo County, Texas, indicted Petitioner for the offense of murder.  The indictment alleged that Petitioner, "intentionally or knowingly cause[d] the death of an individual . . . by stabbing him with a deadly weapon, to-wit: a knife, and/or striking him with a deadly weapon, to-wit: a stick [or an object unknown to the Grand Jury]." (Docket No. 7-7, at 7.)  Petitioner pleaded guilty to the indictment.  (Docket No. 8-10, at 14-32.)

Although Petitioner pleaded guilty to murder, he still proceeded to trial so that a jury could decide his punishment.  Put simply, the facts showed that Petitioner was involved in a heinous, cold-blooded, revenge killing.  Petitioner's mother, Lupita De Leon Acuna, recruited Petitioner to murder her ex-boyfriend.  She also recruited Petitioner's uncle, Juan Manuel Salazar.  Ms. De Leon Acuna wanted to kill her ex-boyfriend because he ended his relationship with her in an attempt to reunite with his wife.

After luring the ex-boyfriend to a location, Ms. De Leon Acuna texted Petitioner and Mr. Salazar to come kill him.  Petitioner and Mr. Salazar went to the location, bringing with them a knife, a stick, a change of clothing, and a container of fuel.  When they arrived, one of them struck the victim over the head with the stick, rendering him unconscious.  Petitioner then began stabbing the victim repeatedly with the knife.  In fact, Petitioner stabbed the victim approximately 45 times and even cut his own hands in the process.  As a result of his self-inflicted wounds, Petitioner's DNA was found at the crime scene.  Prior to fleeing the scene, Petitioner and his uncle poured kerosene on the victim's body and lit him on fire.

---

[1] The facts and procedural history set out in the next two sections are taken from the State Court Record filed in this case and the documents submitted by Petitioner and Respondent.  (*See* Docket Nos. 1, 7-9.)

In his opening statement to the jury, Petitioner's attorney admitted that the evidence would show that Petitioner "did stab [the victim]." (Docket No. 8-10, at 37.) Petitioner admitted during his testimony that he stabbed the victim. (Docket No. 8-13, at 147.) Petitioner also admitted that he helped to "organize" the killing. (*Id*. at 149.) Petitioner's principal theory of defense was that he "tried to avoid doing what his mom wanted him to do, but his mom insisted." (Docket No. 8-10, at 37.) Petitioner's counsel argued that the jury should have "mercy" on Petitioner because his mother "did a grave injustice to her son and lured him to commit this act." (*Id.*) Petitioner testified that he "didn't want to do it, but [he] never told [his mother] no." (Docket No. 8-13, at 149.)

The jury was apparently unpersuaded by this argument. They returned a verdict on October 11, 2011, finding Petitioner guilty of murder and sentencing him to 99 years' imprisonment. (Docket No. 8-14, at 113; Docket No. 7-8, at 117.)

In his direct appeal, Petitioner did not challenge his guilty plea, his conviction, or his sentence. *De Leon v. State*, No. 13-11-797-CR, 2012 WL 3537011 (Tex. App.—Corpus Christi Aug. 16, 2012, no pet.). Rather, he raised one issue challenging "the sufficiency of the evidence to support the portion of the trial court's judgment ordering him to pay $13,122.50 in attorney's fees despite his indigency." *Id.* at *1. On August 16, 2012, the Thirteenth Court of Appeals "sustained [Petitioner's] sole issue on appeal," thereby deleting "that portion of the judgment assessing $13,122.50 in attorney's fees against" Petitioner. *Id.* Petitioner did not file a petition for discretionary review.

B.  **State Habeas Application and Federal Claims**

On March 10, 2016, over three years after Petitioner was informed of the dismissal of his direct appeal, he filed his first state application for writ of habeas corpus.[2] (Docket No. 8-21, at 72, 88.) Petitioner challenged his conviction on several grounds, including ineffective assistance of trial and appellate counsel, violation of due process during the punishment phase of trial, and actual innocence. On April 19, 2016, the presiding state district court judge entered findings of fact. On September 21, 2016, the Texas Court of Criminal Appeals denied Petitioner's state habeas application "without written order on findings of trial court without hearing."

On February 13, 2017,[3] Petitioner filed the instant federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Docket No. 1.) In his federal petition, Petitioner challenges his conviction on the following grounds: 1) the Texas Court of Criminal Appeals violated his rights by denying his habeas corpus application without a hearing; 2) the Texas Court of Criminal Appeals improperly suspended the writ of habeas corpus when it denied his application; 3) he is actually innocent of murder based on the discovery of new evidence; and 4) ineffective assistance of counsel. (*Id.* at ¶ 20.) Petitioner also filed a "Motion to Amend Complaint" in which he repeats his assertion that he is "actually innocent of murder [based on] newly discovered evidence." (Docket No. 3, at 2.)

In answer to the Petition, Respondent moves for summary judgement on the ground that Petitioner's "federal petition is barred by the statute of limitations." (Docket No. 9, at 7.)

---

[2] Although his state habeas application was filed on March 28, 2016, Petitioner signed it on March 10, 2016. Giving Petitioner the benefit of the doubt, that is the earliest possible date that it could be considered filed.

[3] This is the date that Petitioner signed his federal habeas petition, which is the earliest possible date that it could be considered filed. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) ("[A] habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.").

4

Respondent also asserts that Petitioner's claims are not subject to statutory or equitable tolling. (*Id.* at 7-9.) Respondent argues that Petitioner's delay in filing his federal petition shows a "laxness [that] does not demonstrate diligence and does not support an application for equitable tolling." (*Id.* at 9.) Petitioner filed no response to the motion for summary judgment, which the District Court may take "as a representation of no opposition." S.D. TEX. CIV. R. 7.4. Nevertheless, in an abundance of caution and in light of Petitioner's pro se status, the motion will be analyzed on its merits.

## II. ANALYSIS

Petitions for habeas corpus relief filed in federal court after April 24, 1996, are subject to review under the amendments to the federal habeas corpus statutes as set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA established a one-year period for filing habeas corpus petitions by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).[4] In most cases, the one-year period of limitation runs from the "date on which the

---

[4] The full text of the AEDPA limitations provision reads as follows:
> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

Judgment was entered in Petitioner's case on October 26, 2011, and he had until November 25, 2011, to timely file a direct appeal. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal timely filed 30 days after the entry of sentence). Petitioner filed his direct appeal on October 26, 2011, and it was pending until August 16, 2012, when the Thirteenth Court of Appeals affirmed his conviction. *De Leon v. State*, No. 13-11-797-CR, 2012 WL 3537011 (Tex. App.—Corpus Christi Aug. 16, 2012, no pet.). Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals. Petitioner's conviction therefore became final on September 15, 2012, when the time for filing a PDR expired. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) ("the one-year limitations period beg[ins] to run . . . when the [ ] period for filing a petition for discretionary review in state court end[s]").

Absent some form of tolling, the AEDPA one-year limitations period expired on September 16, 2013. Because Petitioner did not file his federal habeas petition until February 13, 2017, this action was filed over three years too late.[5] Although Petitioner does not contend that the limitations period was tolled, in light of his pro se status, the possibility of both statutory and equitable tolling will be considered.

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d).
[5] As explained previously, February 13, 2017, is the earliest date that the petition could be considered filed. *See supra* n.3.

**A.     Statutory Tolling**

   *1.     Pendency of State Habeas Application*

The facts of this case suggest two possible grounds for statutory tolling. First, section 2244(d)(2) provides that the one-year limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). As such, Petitioner's post-conviction application and other relevant collateral filings will be evaluated to determine if they tolled the limitations period.

Petitioner filed two relevant filings in the state collateral proceedings, which were pending during the following periods:

   1)   State habeas application:   March 10, 2016, to September 21, 2016 (196 days)

   2)   Writ of Mandamus:           December 6, 2016, to March 8, 2017 (93 days)

However, neither Petitioner's state habeas application, nor his writ of mandamus tolled the limitations period. Petitioner did not file those documents until 2016, which was over two years after the limitations period had run. Petitioner's state filings cannot toll the one-year limitations period because it had already expired before those proceedings began. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that the "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Because the limitations period was not tolled by these filings, Petitioner's § 2254 petition is barred by the AEDPA statute of limitations.

   *2.     Discovery of New Evidence*

The second possible basis for statutory tolling is Petitioner's suggestion that there is now evidence showing his innocence. Section 2244(d)(1)(D) provides that the AEDPA limitations

7

period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

One of Petitioner's claims is that he is actually innocent. (Docket No. 1, ¶ 20 (*see* Grounds Three and Four); Docket No. 3, at 2.) Petitioner asserts that he is "actual[ly] innocent of murder and newly discovered evidence should have been sufficient for relief in state court." (Docket No. 3, at 2.) Petitioner bases this claim on his assertion that his uncle and co-defendant, Juan Salazar, confessed to the murder. (Docket No. 1, ¶ 20 (Ground Four.) He argues that had he been made aware of his uncle's confession he would not have pleaded guilty. (*Id.*)

Section 2244(d)(1)(D) does not delay the running of the limitations period here because the factual predicate of Petitioner's claim of innocence was known by him all along. In fact, Petitioner pleaded guilty to the offense of murder and described under oath the gruesome and brutal details of the murder. Petitioner admitted that he, his uncle, and his mother planned the murder in advance. Petitioner also admitted that he stabbed the victim multiple times while his uncle was repeatedly striking the victim with a stick.

Petitioner's actual innocence theory is based on the faulty premise that only one of them—either he or his uncle—could have been responsible for the murder. Petitioner's belief that only one of them could have committed the murder is simply wrong. Beyond that, there is no new evidence. Petitioner was present during the murder and was well-aware of his uncle's role all along. In other words, there is no new evidence that provides the factual predicate for his actual innocence claim.

In sum, there is no statutory basis for tolling the AEDPA limitations period.

**B.     Equitable Tolling**

Because the one-year AEDPA limitations period is not jurisdictional, there is the possibility that it may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649. In *Holland*, the Supreme Court stressed that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied," and that this determination is "made on a case-by-case basis." *Id.* at 650, 652. The Fifth Circuit has explained that "equitable tolling is warranted only in 'situations where the plaintiff is actively misled by the defendant ... or is prevented in some extraordinary way from asserting his rights.'" *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)). The record reflects no such extraordinary circumstances present here.

Petitioner may contend that equitable tolling should apply in light of his claim of innocence (based on the newly discovered evidence of his uncle's confession). If so, this argument lacks merit. Petitioner has made no colorable showing that he is actually innocent. *See supra* Parts I.A. and II.A.2.

In addition, equitable tolling "is not intended for those who sleep on their rights." *Manning*, 688 F.3d at 183 (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)). Here, Petitioner's direct appeal was decided on August 16, 2012. Yet he waited until March 10, 2016—over three years—to file his first state application for writ of habeas corpus. At that point, the statute of limitations had already expired. *See Manning*, 688 F.3d at 185-86 (finding

9

that the petitioner did not act diligently when he waited 19 months after he knew his conviction became final). The record shows that Petitioner failed to pursue his rights diligently.

Because this case presents no extraordinary circumstances and because Petitioner did not act promptly to preserve his rights, equitable tolling does not apply, and Petitioner's federal habeas claims are time barred.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 9) be GRANTED, that Petitioner's § 2254 habeas petition (Docket No. 1) be DENIED, and that this action be DISMISSED. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied

on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that all of Petitioner's claims are barred by the AEDPA one-year limitations period. Accordingly, Petitioner is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on December 21, 2017.

_____
Peter E. Ormsby
United States Magistrate Judge